**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>Cynthia E. LeGary,<br>Debtor. | Chapter 13 |
| Citizens Bank, N.A.,<br>Movant,<br>vs.<br>Cynthia E. LeGary,<br>*Michael L. LeGary, Co-Debtor*<br>Debtor / Respondent,<br><br>and<br>KENNETH E. WEST,<br>Trustee / Respondent. | Case No.: 26-12565-djb |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY
AND CO-DEBTOR STAY**

NOW COMES, Citizens Bank, N.A., by and through its counsel, Roger Fay, Esquire, of Albertelli Law, and hereby requests an order terminating the automatic stay provisions of section 11 U.S.C. §362 as to Debtor, Cynthia E. LeGary, and under 11 U.S.C. §1301(c) as to Co-Debtor, Michael L. LeGary, to enable Movant to take any and all action necessary to enforce its rights as determined by the Note (defined below) and Mortgage (defined below), state and/or other applicable law with regard to real property known as and located at 2506 Green Ave, Bristol, PA 19007, and in support thereof avers as follows:

**THE PARTIES**

1. Movant, Citizens Bank, N.A., is a secured creditor of the Debtor and Co-Debtor.

2. Debtor, Cynthia E. LeGary, and Non-Filing Co-Debtor, Michael L. LeGary, are the owners of real property known as and located at 2506 Green Ave, Bristol, PA 19007 (the "Property").

**JURISDICTION AND VENUE**

3. On or about June 16, 2026, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code.

4. This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue of this case and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL BACKGROUND**

6. Debtor, Cynthia E. LeGary, and Non-Filing Co-Debtor, Michael L. LeGary, are the owners of the Property.

7. Debtor, Cynthia E LeGary, has executed and delivered or is otherwise obligated with respect to that certain Home Equity Line of Credit Agreement in the original principal amount of $69,100.00 (the “Note”). Movant is an entity entitled to enforce the Note. Copy of the Note is attached hereto as Exhibit A.

8. Pursuant to that certain Home Equity Line of Credit Open-End Mortgage executed by Debtor, Cynthia E LeGary, and Co-Debtor, Michael L LeGary, dated March 11, 2023 and recorded in the Office of the County Clerk of Bucks, Pennsylvania (the “Mortgage”), all obligations (collectively the “Obligations”) of the Debtor and Co-Debtor and with respect to the Note and the Mortgage are secured by the Property. Copy of the mortgage is attached hereto as Exhibit B.

9. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts,

judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

10. Debtor and Co-Debtor have failed to make monthly payments due under the Mortgage since the filing of the petition for the months of July 15, 2026 through September 15, 2026.

11. As of September 28, 2026, the amount of the post-petition delinquency is as follows:

| | |
|---|---|
| 1 Payment @ $630.83 (7/15/2026) | $ 630.83 |
| 1 Payment @ $590.13 (8/15/2026) | $ 590.13 |
| 1 Payment @ $651.18 (9/15/2026) | $ 651.18 |
| Less Suspense | ($ 0.00) |
| **Total Post-Petition Arrears** | **$ 1,872.14** |

12. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $1,350.00 in legal fees and $199.00 in costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

**BASIS FOR RELIEF REQUESTED**

13. Movant requests an order terminating the automatic stay provisions of 11 U.S.C. §362 and 11 U.S.C. §1301(c) to enable Movant to take any and all action(s) necessary to enforce its rights as determined by the Note and the Mortgage, State and/or other applicable law with regard to the Property.

14. Section 362(d) permits relief from the automatic stay upon two bases. Section 362 provides that relief may be granted:

(1) for cause including the lack of adequate protection of an interest in property of such party in interest; *or*

(2) with respect to a stay of an act against property, if
(A) the debtor does not have equity in such property and
(B) such property is not necessary to an effective reorganization or plan.

15. Section 362(d) is written in the disjunctive rather than the conjunctive so that either basis alone is a sufficient basis for relief. *See,* Nazareth National Bank v. Trina-Dee, Inc. 731 F.2d 170, 170 (3rd Cir. 1984) (explaining that "either ground along is sufficient to justify relief from the stay"). Movant is not adequately protected because the Debtor and Co-Debtor have failed to make post-petition mortgage payments. Movant has cause to have the automatic stay modified so as to permit Movant to take any and all action(s) necessary to enforce its rights as determined by State and/or other applicable law with regard to the Property.

**WHEREFORE,** Movant prays that this Court issue an Order terminating or modifying the automatic stay and granting the following:

1. Relief from the automatic stay for all purposes allowed by the Note, the Mortgage, and applicable law with respect to Movant, its successors or assigns, and the Property;
2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and
3. For such other relief as the Court deems proper.

DATED: October 1, 2026

Respectfully submitted,
ALBERTELLI LAW

/s/ Roger Fay, Esq., ID No. 315987
14000 Commerce Parkway, Suite H
Mount Laurel, NJ 08054
rfay@alaw.net
(856) 724-1888
Attorneys for Movant